SEABRING (WARD v.). See Case No. 17,- 160.

SEABRY (WARD v.). See Case No. 17,161.

---

## Case No. 12,573.

### In re SEABURY.

[10 N. B. R. (1874) 90.] [1]

### District Court, D. New Jersey.

BANKRUPTCY—DISCHARGE—OBJECTIONS BY CREDITOR—APPEARANCE—SPECIFICATIONS.

1. An appearance for a creditor in opposition to the discharge of a bankrupt, entered on an adjourned day of the hearing on the order to show cause, after several adjournments have been had, is not too late.

[Cited in Re Houghton, Case No. 6,730.]

2. An appearance is sufficient if entered on the clerk's docket on that day, but, under general order 24, written specifications must be filed within ten days thereafter, to entitle such creditor to be heard.

In bankruptcy.

Frederick Kingman, for bankrupt.
James Buchanan, for creditors.

NIXON, District Judge. The case is briefly this: A voluntary petition in bankruptcy was filed by James M. Seabury, Jr., October 8, 1873, upon which he was adjudged a bankrupt on October 18th. On the 6th day of January following, a petition for his final discharge was presented to the court, on which the usual order was made that his creditors should show cause, before the court, on the 3d day of February, why the prayer of his petition should not be granted. On the return day of the order it appeared that the bankrupt's oath of conformity had not been taken, that the register had filed no certificate, that the assignee had not made return that there were no assets. As these were all essential prerequisites to the discharge, the last being a jurisdictional fact enabling the bankrupt to make his application for a discharge before six months, and after sixty days from the date of the adjudication, the case was continued on application of the counsel of the bankrupt, to February 17th. On that day, the papers being still wanting, another adjournment was had until February 24th, on a like application, and a peremptory rule was taken on the assignee, to make and file his report on or before that date, certifying whether any assets of the bankrupt had come into his hands for distribution. The oath of conformity, the register's certificate of conformity, and the assignee's return to the rule of no assets, were all filed on the 24th. The case had been placed on the calendar for that day, and when called, and be-

---

[1] [Reprinted by permission.]

fore any motion had been made, the clerk presented to the court a letter from Judge Buchanan, stating that he desired to oppose the discharge as counsel for opposing creditors, that he was confined to his bed by sickness, and asking for a postponement until he was able to attend the hearing. The reasons being deemed sufficient, an adjournment was ordered by the court, and, in consequence of the continuing illness of counsel of the opposing creditors, the hearing was postponed from time to time to March 31, when Mr. Buchanan being in court, and the case called, the counsel for the bankrupt made the usual motion for the bankrupt's discharge, limiting his application, however, to the debts contracted prior to January 1, 1869. The counsel for the opposing creditors interposed a verbal objection to the jurisdiction of the court, and moved to dismiss the proceedings on the ground that the court had refused the discharge of the bankrupt in previous proceedings upon specifications filed under the 29th section of the act, and going to the merits of the case, and that there was no authority conferred on the court by the bankrupt law, on any new proceedings, to grant a discharge. The motion was opposed by the counsel of the bankrupt, alleging that the court could take no notice of any motion in the case made by Mr. Buchanan, because, 1st, no appearance had been entered in behalf of any opposing creditor; 2d, no entry had been made upon the clerk's docket of any opposition to the discharge; and, 3d, no specifications had been filed against the discharge, and that it was too late for the court to authorize these necessary affirmative things to be done. The counsel for the bankrupt expressing a desire for time to submit his views on the questions presented, and the counsel on behalf of the opposing creditors acceding thereto, the court directed the clerk to enter an adjournment of all proceedings for two weeks. On the adjourned day the parties were heard upon these questions alone. and, as the court desired time for consideration. another order was made continuing the proceedings until to-day.

I have given attention to the case because it involves matter of correct practice under the act [of 1867, 14 Stat. 517], and the general orders in bankruptcy, and I am quite satisfied that the counsel for the bankrupt is right in his three propositions. There should be an appearance, an entry of the same on the clerk's docket, and specifications put on file, within the prescribed time. The 24th general order requires that the creditor opposing the application of the bankrupt for his discharge, shall enter his appearance in opposition thereto on the day when the creditors are summoned to show cause. The 3d general order specifies how this appearance is effected. So far as the attorney and counsellor is concerned, it may be verbally or in writing. But it is not completed until the clerk enters his name and place of business

upon the docket, with the date of the entry. Until this is done the creditor has no standing in court, and cannot be heard in opposition to the discharge. When it is done within the time required by the law, then, under the 24th rule, he has ten days only in which to file his specifications against the discharge, unless the time shall be enlarged by order of the court. And the position of the counsel in behalf of the opposing creditors, that it is not necessary to file any specifications in opposition to the discharge, except those enumerated in the 29th section of the act, is not maintainable. All grounds against the discharge, to be relied upon by opposing creditors—except those that appear upon the face of the proceedings, which the court is bound to notice even where no creditors oppose—must be assigned in writing as specifications. In short, the act clearly contemplates a suit arising in the course of the bankruptcy proceedings in which there should be an appearance entered and specifications filed which make up the issues to be tried; and nothing can be produced in evidence on the trial except such matters as are included in and tend to prove the issues made.

The only remaining question is, whether it is now too late for the opposing creditors to cause an entry of their appearance in the clerk's docket, and to file their specifications. The 29th general order, above referred to, prescribes that the creditors shall file their appearance on the day on which they are required to show cause against the discharge. Has that day, in legal contemplation, passed? I think not. Very early in the bankruptcy practice the question was raised, whether the 29th section of the act and the 24th general order required the opposing creditors to enter their appearance on the return day of the rule to show cause, or, in case of an adjournment, whether they should be permitted to wait until the adjourned day, before entering such appearance. An examination of the cases of In re Mawson [Case No. 9,320], In re Thompson [Id. 13,935], In re Tallman [Id. 13,740], and In re Seckendorf [Id. 12,600], will reveal the gradual steps by which the practice was established, and in which there has been no interruption. that the rights of the creditors upon the adjourned day are the same, in all respects, as upon the return day. In this case the return day was February 3d. If the needful papers had been on file, the bankrupt would then have been entitled to his motion for his discharge. and it would have devolved upon opposing creditors to have appeared and to cause an entry of their opposition to be made in the docket of the clerk. But no motion was made or could be in the absence of material certificates and affidavits, and adjournments from week to week were ordered, either on the application of the bankrupt or on behalf of the creditors, until March 31st. Then the counsel of both parties were in court, as they had been on the first return day, and the motion was made for the discharge. The

time had now arrived for the creditors to take affirmative action, and their counsel interposed the above stated verbal plea to the jurisdiction of the court. Upon which the counsel of the bankrupt raised the point that they had lost their right to be heard in opposition to the discharge, and that the only mode of raising issues for trial was by written specifications. If a further adjournment had not been asked for by one party and assented to by the other, pending these questions, I should have decided them then, holding, 1st, that it was competent for the opposing creditors to appear on that day by counsel and file their specifications; and, 2d, that the objection of the counsel of the bankrupt to the verbal plea was well taken, and that whatever questions the creditors desired to raise against the discharge should be by written specifications, duly filed, unless the matter appeared on the face of the bankruptcy proceedings in the case. "If such decisions had been then made, I should have allowed the creditors, if they still wished to oppose the discharge, to cause their appearance to be entered, and the 24th rule would have given them ten days in which to prepare and file their specifications. This right had not been taken from them by the previous adjournments, and they have not lost it since, because two other adjournments have been had, one at the instance of the counsel of the bankrupt, to afford an opportunity to argue the questions then raised, and the other by order of the court, after argument, to hold the questions under advisement. I might rest here, but there is more in the case which calls for consideration. It appears, upon the proceedings, that the bankrupt filed his voluntary petition October 8th, 1873; that it was referred to the register in due course; that he was adjudicated a bankrupt and the first meeting of creditors was called for the appointment of an assignee. On the day designated by the register, a number of the creditors appeared, and, before proving their claims, filed with the register a written protest against his proceeding further in the case, assigning, substantially, the same objections which their counsel now desires to raise against the jurisdiction of the court.

Five grounds are stated in the paper in opposition to the validity of the proceedings: First. That a second petition for adjudication of bankruptcy filed by the bankrupt was illegal and of no effect, for the reason that he has before filed a similar petition. Second. That the adjudication was illegal because he had before been adjudged a bankrupt. Third. That their debts against the bankrupt had once been proven, and they ought not to be required to prove a second time. Fourth. That Frederick Voorhees had already been appointed assignee; that the schedules filed with the second petition disclosed no other estate than had been disclosed by the schedules with the first petition, and to elect another assignee would be to devolve the same duties upon two individuals. Fifth. And that the present proceeding, in which they were noticed to appear before the register, was contrary to the provisions of the bankrupt act, and therefore void. They further state, in conclusion, that if the register overruled their objections they should prove their claims under protest, and should reserve the right to contest the validity of the present proceedings in the district court, at a future time. The register's certificate shows that he did overrule them and went on with the election, and that the creditors proved their claims, and participated in the election under protest. The paper was filed, however, by the register, and returned by him to the court, with others, on the 24th day of February last, and it now appears as a part of the proceedings.

Unless it be held that the decision of the register on the points presented in the protest is final, the questions are before the court for adjudication on the face of the bankruptcy proceedings, without any further action by the opposing creditors. But, so far from his decision being final, it is more than doubtful whether he was authorized to do anything, after the protest was presented, except to adjourn the meeting to a future day and to certify to the court the legal questions raised by the opposing parties. The proviso to the 4th section of the bankrupt act, in which the powers and duties of the register are defined and enumerated, require that "in all matters where an issue of fact or of law is raised or contested by any party to the proceedings before him, it shall be his (the register's) duty to cause the question or issue to be stated by the opposing parties in writing, and he shall adjourn the same into court for decision by the judge." It is suggested that if the register had pursued this course, a decision of the court in limine would have been had upon the questions which are now raised on the final discharge, and if it had been adverse to jurisdiction, the parties would have been saved the costs, expenses, and delay incident to the subsequent proceedings.

In conclusion, the result is, that it is competent for the opposing creditors to have their appearance entered and to file their specifications against the discharge, or, if that is not asked for, it is the duty of the court, whether any creditor appears or not, to consider the reasons set up in the protest against its authority and jurisdiction over the case. As the former method is the orderly and regular proceeding in opposing the discharge, and as the court is not disposed to confine the opposing creditors to the single questions presented in the protest or to the form in which they are stated, the order of the court is that they be allowed to enter their appearance against the discharge, and to file their specifications under the rule within ten days; that, if either party wish to take testimony, an order of reference be made to Mr. Register Johnson for the purpose, and that the case be set down for final hearing upon the specifications and testimony, in four weeks.